```
             UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

ANNAMARIE K. FRENCH,
administratrix of the estate
of RUSSELL SMITH, JR.,

    Plaintiffs,

v.                                    Civil Action No. 2:18-cv-1544

XPO LOGISTICS FREIGHT, INC. and
WILLIAM WESLEY WILLIAMS, JOSHUA
S. LEATH, and LEATH LIVESTOCK &
TRUCKING, LLC,

    Defendants, and

XPO LOGISTICS FREIGHT, INC.,
and WILLIAM WESLEY WILLIAMS,

    Third-Party Plaintiffs,

v.

JOSHUA S. LEATH, and LEATH
LIVESTOCK & TRUCKING, LLC,

    Third-Party Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is third-party defendants Joshua S. Leath and Leath Livestock & Trucking, LLC's motion to dismiss the third-party complaint, filed August 7, 2019.

I.  **Background**

This case arises from a motor vehicle accident that occurred at approximately 4:45 a.m. on August 23, 2017.  Am. Compl. ¶ 1.  The accident occurred in the southbound lanes of Interstate 77, near mile marker 80 in Kanawha County, West Virginia.  Am. Compl. ¶ 2.

Defendant William Wesley Williams was operating a tractor pulling two trailers on behalf of defendant XPO Logistics. Am. Compl. ¶¶ 26-29.  It had been raining, and the road surfaces were wet.  Am. Compl. ¶ 32.  When Mr. Williams approached a downhill curve banking to the right, the tractor-trailer lost traction and hydroplaned.  Am. Compl. ¶¶ 35-37.  The tractor-trailer slid on the slick roadways, struck the guard rail on the side of the interstate, and the tractor and the first trailer went over the guard rail and off the highway.  Am. Compl. ¶¶ 39-42. The second trailer dislodged, overturned, and blocked the southbound lanes.  Am. Compl. ¶ 43.  The plaintiffs allege that the overturned trailer would be difficult for oncoming traffic to see because the dark underside of the trailer was facing oncoming traffic, there was no surrounding light, and the lights from the tractor-trailer were not visible to oncoming traffic.  Am. Compl. ¶ 44.

Russel Smith, Jr., driving an automobile, collided with the underside of the trailer that was blocking the southbound lanes.  Am. Compl. ¶ 48.  Joshua S. Leath was operating a tractor-trailer for Leath Livestock & Trucking, LLC some distance behind Mr. Smith.  Am. Compl. ¶ 49.  Mr. Leath's tractor-trailer struck Mr. Smith's vehicle and the XPO trailer.  Am. Compl. ¶ 50.

Mr. Smith was killed in the accident, and Annamarie K. French, as adminstratrix of his estate, filed a complaint against Mr. Williams and XPO Logistics Freight, Inc. on December 26, 2018.  Those defendants thereafter filed a third-party complaint on June 7, 2019, asserting indemnity and contribution claims against Mr. Leath and Leath Livestock & Trucking, LLC ("the Leath defendants").  The plaintiffs filed an amended complaint on August 5, 2019, adding claims against the Leath defendants.

The Leath defendants filed the motion to dismiss or strike the third-party complaint, to which third-party plaintiffs Mr. Williams and XPO Logistics Freight, Inc. ("third-party plaintiffs") responded.

## II.   Governing Standard

A. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6) correspondingly provides that a pleading may be dismissed when there is a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

To survive a motion to dismiss, a pleading must recite "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008)).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citation omitted).

A district court's evaluation of a motion to dismiss is underlain by two principles.  First, the court "must accept as true all of the factual allegations contained in the [pleading]."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56).  Such factual allegations should be distinguished from "mere conclusory statements," which are not to be regarded as

true.  Iqbal, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").  Second, the court must "draw[] all reasonable factual inferences . . . in the [nonmovant's] favor."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

B. Motion to Strike

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."  Fed. R. Civ. P. 14(a)(1).  If a third-party claim is improper, "[a]ny party may move to strike [it.]"  Fed. R. Civ. P. 14(a)(4).

III. Discussion

In the motion to dismiss, the Leath defendants state that the third-party plaintiffs' indemnity claim is one for implied indemnity because there is no contractual relationship between the parties.  Mem. of Law in Supp. of Third-Party Defs.' Mot. to Dismiss 3, ECF No. 57 ("Defs.' Mem.").  The Leath defendants contend that under West Virginia law, "a party cannot prevail upon an implied indemnity claim unless that party is entirely without fault."  Defs.' Mem. 4 (citing Travelers Prop. Cas. Co. of Am. v. Mountaineer Gas Co., No. 2:15-cv-07959, 2017 WL

3842149, at *2 (S.D. W. Va. Sept. 1, 2017). The Leath defendants argue that if the third-party plaintiffs "prove that they were entirely without fault, then they would have no need to recover from the Leath Defendants," and if the third-party plaintiffs are found to be at fault, then they "cannot prevail upon their implied indemnity claim against Leath Defendants." Defs.' Mem. 4.

The third-party plaintiffs respond that while <u>Travelers Prop.</u> is an on-point case, the court decided a motion for summary judgment, not a motion to dismiss, which is "subject to the more liberal standard of surviving dismissal[.]" Resp. of Defs./Third-Party Pls. to Third-Party Defs.' Mot. to Dismiss 5, ECF No. 61 ("Resp."). The third-party plaintiffs argue that dismissing the indemnification claim would be premature at this early stage of litigation because "questions of fact must be answered in order to determine if indemnification is applicable." Resp. 5.

"[T]he right to seek implied indemnity belongs only to a person who is without fault." <u>Hager v. Marshall</u>, 505 S.E.2d 640, 648 (W. Va. 1998). If the third-party plaintiffs proved that they were entirely without fault, then there would be no need to recover from the Leath defendants. If, on the other hand, the third-party plaintiffs were proven to be partially at fault for the accident, then the third-party plaintiffs could not recover under an implied indemnity claim. "Previously, where a party

asserting an implied indemnity claim against another was placed in this no-win situation, the Supreme Court of Appeals of West Virginia recognized that dismissal of the claim was proper." Travelers Prop., 2017 WL 3842149, at *2 (citing Schoolhouse Liab. Co. v. Creekside Owners Ass'n, No. 13-0812, 2014 WL 1847829, at *4 (W. Va. 2014).

For the contribution claim, the Leath defendants state that the cause of action is subject to West Virginia's comparative fault statutes, West Virginia Code sections 55-7-13a and 55-7-13c. Defs.' Mem. 4-5. The Leath defendants claim that the third-party plaintiffs seek contribution for any amount for which the third-party plaintiffs "may be liable over and above the percentage of fault allocated" to third-party plaintiffs. Defs.' Mem. 5. The Leath defendants argue that under the West Virginia statutes, third-party plaintiffs "are not liable for any fault over and above the fault allocated to them directly." Defs.' Mem. 5. The Leath defendants contend that since the third-party plaintiffs cannot "incur the liability for which they seek contribution," the third-party plaintiffs cannot prevail on their contribution claim. Defs.' Mem. 5.

The third-party plaintiffs respond that while the legislature enacted West Virginia Code sections 55-7-13a through 55-7-13d in 2015,[1] the amendments "did not, on their face, eliminate contribution claims as a cognizable cause of action in West Virginia." Resp. 3. The third-party plaintiffs quote W. Va. Code section 55-7-13d(b) which states the section may not "be construed as precluding a person from being held liable for the portion of comparative fault assessed against another person . . . if the fault of the other person is otherwise imputed or attributed to such person by statute or common law." Resp. 3. The third-party plaintiffs argue that the plain language shows that the existing law of contribution remains unchanged. Resp. 3-4. The third-party plaintiffs also contend that "[n]othing in this section is meant to eliminate or diminish any defenses or immunities," and contribution is one such defense. Resp. 3 (citing W. Va. Code § 55-7-13d(b)). The third-party plaintiffs alternatively argue that if contribution claims are no longer cognizable under West Virginia law, the third-party plaintiffs have filed a notice of designation of at-fault nonparties, which is the process under the amendments allowing for fault of a

---

[1] The legislature subsequently amended West Virginia Code section 55-7-13d in 2016. Resp. 3 n.1.

nonparty to be considered. Resp. 4. (citing W. Va. Code § 55-7-13d(a)(2)).

The West Virginia law states in relevant part,

> In any action for damages, the liability of each defendant for compensatory damages shall be several only and may not be joint. Each defendant shall be liable only for the amount of compensatory damages allocated to that defendant in direct proportion to that defendant's percentage of fault, and a separate judgment shall be rendered against each defendant for his or her share of that amount.

W. Va. Code § 55-7-13c(a). The new statutes "purport to fully occupy the field of comparative fault and the consideration of 'the fault of parties and nonparties to a civil action.'" Modular Bldg. Consultants of W. Va., Inc. v. Poerio, Inc., 774 S.E.2d 555, 567 n.12 (W. Va. 2015) (citation omitted).

"In effect, this broad rule amounts to 'the near total abolition of claims for contribution.'" Bateman v. CMH Homes, Inc., No. 3:19-0449, 2020 WL 597564, at *2 (S.D. W. Va. Feb. 6, 2020) (citing Clovis v. J.B. Hunt Transport Inc., No. 1:18-cv-147, 2019 WL 4580045 (N.D. W. Va. Sept. 20, 2019)). "'Near' total abolition is not the same as total abolition, however." Id. For example, "joint liability may be imposed on two or more defendants who consciously conspire and deliberately pursue a common plan or design to commit a tortious act or omission. Any person held jointly liable under this section shall have a right of

contribution from other defendants that acted in concert." W. Va. Code § 55-7-13c(a). A defendant may also be held jointly and severally liable if the defendant drove under the influence, committed a criminal act, or illegally disposed hazardous waste. W. Va. Code § 55-7-13c(h). The section does not "abrogate any right of indemnity or contribution arising out of any contract or agreement[.]" W. Va. Code § 55-7-13c(f).

Here, the third-party plaintiffs do not allege any facts in the third-party complaint that would support a finding of joint liability under the relevant West Virginia statutes. Consequently, dismissal of the third-party plaintiffs' contribution claim is appropriate.

### IV. Conclusion

For the foregoing reasons, it is ORDERED that third-party defendants Joshua S. Leath and Leath Livestock & Trucking, LLC's motion to dismiss the third-party complaint be, and it hereby is, granted. The third-party plaintiffs' claims as asserted in the third-party complaint are dismissed.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: April 15, 2020

_____
John T. Copenhaver, Jr.
Senior United States District Judge